IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON A. MARTINEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3237 |
| | § | |
| MARCIA A. MATTERN, *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on Defendants' Motion to Dismiss Plaintiff Ramon A. Martinez's equal protection and due process claims [Doc. # 18], to which Plaintiff filed a Response [Doc. # 21]. Also pending is Defendants' Motion for Partial Summary Judgment [Doc. # 22], addressing Plaintiff's challenge to the Sunbelt Fresh Water Supply District's policy of not accepting cash as payment for services. Plaintiff filed a Response [Doc. # 25], and Defendants filed a Reply [Doc. # 26]. Based on the Court's review of the full record in this case, and the application of governing legal authorities, the Court grants Defendants' Motions.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The material facts in this case are undisputed. The Sunbelt Fresh Water Supply District (the "District") is the utility which supplies water for Plaintiff's home.

Defendant Mary Jane Mendoza is the office manager of the District, and the remaining Defendants are the District Supervisors.

The District's office was robbed in October 2003 and, as a result, it adopted a "no cash" policy pursuant to which it would not accept cash as payment for its services. The Texas Commission on Environmental Quality ("TCEQ") has issued a guide designated RG-080, that permits a water district to refuse to accept cash payments for utility bills and encourages the water districts in Texas to consider waiving or adjusting the "no cash" policy for special circumstances.  The TCEQ's RG-080 also states that the water district "cannot turn off the customer's services if the customer cannot or does not offer an alternative method of payment."  *See* RG-080, attached to Plaintiff's "Motion for Emergency Restraining Order and Permanent Injunction" [Doc. # 1].

The District also has a policy of not accepting personal checks for a period of six months after any customer's check has been dishonored for insufficient funds.[1] Under such circumstances, the District will accept payment by money order or cashier's check.

---

[1]      Plaintiff does not challenge the District's policy regarding personal checks.

Plaintiff, within the six months after his check was dishonored for insufficient funds,[2] attempted to pay his water bills with cash.   The District refused to accept payment by cash, but advised Plaintiff that he could pay by cashier's check or by money order.   Plaintiff did not agree to pay the bill by alternate means, and he did not advise the District of any unusual circumstances that would make it difficult for him to use a money order or cashier's check.   Indeed, Plaintiff is an employee of the United States Postal Service, which sells money orders, and there is a facility across the street from the District's offices where money orders can be purchased.

Because Plaintiff did not pay his water bills in an acceptable manner, he was charged late fees and other charges.   Eventually, his water service was terminated and a final bill was issued, including a credit for his original $100 deposit.    Plaintiff paid the bill and his water service was reconnected, although Plaintiff was required to post a new $100 deposit.

Plaintiff filed his amended Motion for Permanent Injunction [Doc. # 17], apparently asserting that the District's "no cash" policy violates his equal protection and due process rights.[3]   Plaintiff also argues that the "no cash" policy violates

---

[2]     The six-month period during which Plaintiff's personal checks were not accepted expired November 11, 2005.

[3]     Plaintiff throughout his Motion for Permanent Injunction [Doc. # 17] refers to 18 U.S.C. § 1341, the federal mail fraud statute.  To the extent Plaintiff seeks to assert a claim under this
(continued...)

31 U.S.C. § 5103 and the Supremacy Clause of the United States Constitution because the District is required to accept cash, the United States' legal tender.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Motion to Dismiss

In deciding whether a claim should be dismissed, this Court must determine whether the complaint states a valid claim for relief when the pleading is construed in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The plaintiff's complaint must contain allegations of every material point necessary to sustain recovery. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Id.* Furthermore, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not suffice to prevent dismissal. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). If the plaintiff fails to allege a necessary element to obtain relief, then dismissal is proper. *Campbell*, 43 F.3d at 975.

---

[3]    (...continued)
statute, it is dismissed because there is no private right of action under the federal mail fraud statute. *See Fermin v. United Healthcare Ins. Co.*, 138 Fed. Appx. 638, 639 (5th Cir. June 30, 2005).

**B.**     **Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must then go beyond the pleadings and designate specific evidence showing that there is a genuine issue of fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine only if the evidence in the record would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant does not satisfy his burden by mere reliance on the allegations in his pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at

summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not satisfy this burden.  *Morris*, 144 F.3d at 380.  In the absence of proof, the Court will not assume that the nonmovant could prove the necessary facts.  *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

## III.    DEFENDANTS' MOTION TO DISMISS

### A.    Equal Protection Claim

An equal protection claim in the context of a single-member class is recognized "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on an equal protection claim, a plaintiff must establish that the defendant "irrationally and intentionally singled [plaintiff] out for dissimilar treatment." *See Ford Motor Co. v. Texas Dept. of Transp.*, 106 F. Supp. 2d 905, 910 (W.D. Tex. 2000); *see also Mikeska v. City of Galveston*, 419 F.3d 431, 436 (5th Cir. 2005) (a plaintiff asserting an equal protection claim "must show that the difference in treatment with others similarly situated was irrational").

In this case, Plaintiff has not identified in his pleadings any similarly-situated individuals who have been treated differently by the District or by any other water district in Texas. Additionally, Plaintiff has not alleged that the District irrationally and intentionally singled him out for dissimilar treatment. As a result, Plaintiff has failed to allege a legally cognizable equal protection claim.

**B.     Due Process Claim**

Plaintiff challenges the District's "no cash" policy and its interpretation of RG-080. Specifically, Plaintiff argues that the District cannot deprive him of water services if he refuses to pay his bill in any manner other than cash. It is unclear from Plaintiff's pleading, however, whether he seeks to assert a substantive or procedural due process claim. Defendants have moved to dismiss Plaintiff's due process claim.

***Substantive Due Process***. – Substantive due process protects individuals from a government arbitrarily abusing its power to deprive the individual of liberty or property. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir. 1988). Public officials violate an individual's substantive due process rights if they act arbitrarily or capriciously. *See Finch v. Forth Bend Indep. School Dist.*, 333 F.3d 555, 562-63 (5th Cir. 2003). The issue is whether the "governmental action was rationally related to a legitimate governmental interest." *Mikeska*, 419 F.3d at 435 (internal quotations and citations omitted).

In this case, the District had a legitimate governmental interest in protecting the funds it received in payment for water services. The District's decision, made after it suffered losses in a robbery, to implement a "no cash" policy was rationally related to that legitimate interest. The District's interpretation of RG-080 as permitting it to terminate water services where a customer refuses to pay through any available means other than cash was not arbitrary or capricious. Plaintiff's argument that RG-080 should be interpreted to preclude termination of services unless the customer *volunteers* to pay through an available alternative means is illogical and fails to support a substantive due process claim.

**Procedural Due Process.**– Procedural due process protects individuals "from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). Before terminating services for nonpayment, a provider of utilities is required to provide a customer with adequate notice and some administrative opportunity for the customer to present his position regarding his bill. *See Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1 (1978); *Green v. City of Montezuma*, 650 F.2d 648, 651 (5th Cir. 1981).

Plaintiff does not allege that he was not provided notice prior to the termination of his water service for nonpayment. Indeed, Plaintiff attached to his initial pleading

9

a letter dated June 27, 2005 in which he acknowledges the "imminent termination" of his water services, and several Final Notices from the District.

Additionally, Plaintiff does not allege that he was not provided an opportunity to present his position prior to termination of services.  The same letter dated June 27, 2005, includes Plaintiff's arguments regarding the District's obligation to accept cash payments.  In response to Plaintiff's June 27, 2005 letter, the District sent Plaintiff a copy of the TCEQ's RG-080, informed Plaintiff of the October 2003 robbery of District offices, and advised Plaintiff that he could pay his water bill with a money order or cashier's check.  Although Plaintiff disagrees with the District serving as the sole decision-maker, he does not deny that he was given an opportunity to present his arguments to the District prior to the termination of his water service.  *See* Response to Motion to Dismiss, ¶ 13.  Plaintiff cannot allege facts that support a procedural due process claim, and that claim will be dismissed.

## IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff argues that the District's "no cash" policy violates 31 U.S.C. § 5103[4] and the Supremacy Clause.  A similar argument was considered and rejected by the Supreme Court of New York County in *Nemser v. New York City Transit Auth.*, 530

---

[4]     31 U.S.C. § 5103 provides that "United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues."

N.Y.S.2d 493 (1989).  In that case, two individuals challenged as a violation of § 5103 the City's policy not to accept cash, specifically dollar bills, as bus fare.  The New York County Supreme Court noted that such an interpretation of § 5103 "strains logic" and that the City's policy was reasonable.  *See id.* at 370-71, and cases cited therein.  As noted by the *Nemser* court, the "absolute language of the legal tender statute is clearly modifiable by the necessary consideration of what is reasonable under the circumstances."  *Id.* at 370.

Here, the District suffered a robbery in October 2003 and, thereafter, decided to protect its receipts by requiring payment in a form other than cash.  This decision is reasonable.  The TCEQ's RG-080 and the District's policy attempt to accommodate individuals for whom the "no cash" policy would create unique and difficult circumstances, but Plaintiff did not inform the District of any special circumstances in his case.  Because it is reasonable under the circumstances, the District's "no cash" policy does not violate § 5103 or the Supremacy Clause, and Defendants are entitled to summary judgment on this claim.

## V.   CONCLUSION AND ORDER

Plaintiff has failed to allege facts in his amended Motion for Permanent Injunction that support his equal protection and due process claims.   The

uncontroverted evidence establishes that Plaintiff's § 5103 and Supremacy Clause claims are without merit.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 18] and Motion for Partial Summary Judgment [Doc. # 22] are **GRANTED** and this case is **DISMISSED**.

Plaintiff's attempts to address his concerns through the TCEQ and the United States Treasury Department are not affected by this ruling.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **10th** day of **May, 2006.**

Nancy F. Atlas
United States District Judge